IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NAVIGATORS SPECIALTY INSURANCE
COMPANY,

                Plaintiff,

  v.

SVA HEALTHCARE SERVICES, LLC,

                Defendant,

    and

TIMOTHY RAVE, individually and on
behalf of a class of others similarly situated,

                Necessary party.

OPINION and ORDER

18-cv-1062-jdp

---

      Plaintiff Navigators Specialty Insurance Company has filed a motion for summary judgment in this suit for a declaration regarding the scope of an insurance policy that Navigators issued to defendant SVA Healthcare Services, LLC. Dkt. 21. Specifically, Navigators contends that its policy doesn't cover the losses alleged in a pending class action filed in Milwaukee County Circuit Court by Timothy Rave. *See Rave v. SVA Healthcare Services, LLC,* No. 18cv609 (Milwaukee Cty. Cir. Ct.). Before this court can consider Navigators' motion, Navigators must show that it has brought this case in the proper court.

      As its basis for subject matter jurisdiction, Navigators relies on 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy more than $75,000. It is reasonable to infer from Navigators' allegations that more than $75,000 is at stake, but Navigators hasn't shown complete diversity of citizenship.

First, Navigators alleges in its proposed findings of fact that it is "a New York domiciled stock property and casualty insurance company with its principal place of business in New York, New York." Dkt. 23, ¶ 1. But Navigators only cites its complaint to support that allegation, and a complaint isn't evidence. *Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir. 2012). More fundamentally, Navigators doesn't say whether it is incorporated or unincorporated. That's important because the citizenship of incorporated and unincorporated companies is determined in different ways. If Navigators is a corporation, it is a citizen of its state of incorporation and the state of its principal place of business; if Navigators is not incorporated, its citizenship is determined by the citizenship of its members. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Navigators must provide the court with the information necessary to determine its citizenship.

Second, Navigators says that SVA is a limited liability company and is a citizen of Wisconsin. Dkt. 23, ¶ 3. But Navigators doesn't identify SVA's members or the citizenship of those members. Without that information, the court cannot determine SVA's citizenship. *See Cosgrove*, 150 F.3d at 731.

Third, Navigators says that Rave is a citizen of Wisconsin. But Navigators has identified Rave as a "necessary party" rather than a plaintiff or defendant, so before the court can determine Rave's effect on jurisdiction, Navigators must explain whether Rave should be aligned as a plaintiff or a defendant. *See Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 150–51 (7th Cir. 1981).

In addition to these jurisdictional issues, Navigators must address some other questions not discussed in its summary judgment motion. First, Navigators has failed to explain why it is seeking a declaration in this court rather than in the court where the underlying class action is

pending. Federal courts have "substantial discretion in deciding whether to declare the rights of litigants." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 379 (7th Cir. 2019). One common reason for declining to exercise that discretion is that "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). Although this case and the state court case aren't raising identical issues, they are closely related, so much so that Navigators sees the class members as necessary parties to this case. And it is a common practice for insurers to seek coverage declarations in the same case as the one that prompted the request for coverage. *See Liebovich v. Minnesota Ins. Co.*, 2008 WI 75, ¶ 55, 310 Wis. 2d 751, 784, 751 N.W.2d 764, 779 (the "preferred process for insurers" to resolve coverage disputes to "request a bifurcated trial on the issue of coverage while moving to stay proceedings on the merits of the liability action until the issue of coverage is resolved"). This makes sense because the court trying the liability action will already be familiar with issues relevant to coverage, such as the scope of the plaintiffs' claims. In light of these considerations, Navigators should explain why it is appropriate for this court to consider a request for declaratory relief when "all parties in interest can satisfactorily be adjudicated in [the liability] proceeding." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). *See also Wilton*, 515 U.S. at 282 ("[T]he question for [the] district court . . . is whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court.").

Second, Navigators should explain why this court should determine the scope of coverage before liability has been determined in the state court action. A review of the electronic docket in that case shows that the class has been certified but there has been no determination on the merits. Generally, "decisions about indemnity should be postponed until

the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).

Third, and finally, Navigators must address the significance of its decision to name not just Rave but also the class he represents as a necessary party. Rule 23 applies to both plaintiff and defendant classes, *see Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2013 WL 3989238, at *2 (W.D. Wis. Aug. 2, 2013), but no party has moved to certify a class in this case. If Navigators intends for the judgment in this case to bind more than just the named parties, it will have to provide a legal basis for that view.

ORDER

IT IS ORDERED that:

1. Plaintiff Navigators Specialty Insurance Company may have until March 9, 2020, to file supplemental materials addressing the questions raised in this order. Any other party who wishes to be heard should respond by the same date.

2. Briefing on Navigators' motion for summary judgment is STAYED pending further order of the court.

3. If Navigators does not respond by March 9, the court will dismiss this case for lack of jurisdiction.

Entered February 25, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge