IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NAVIGATORS SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

 v.

SVA HEALTHCARE SERVICES, LLC,     OPINION and ORDER

        Defendant,          18-cv-1062-jdp

 and

TIMOTHY RAVE, individually and on
behalf of a class of others similarly situated,

        Necessary party.

---

  Plaintiff Navigators Specialty Insurance Company is seeking a declaration that it has no duty to defend or indemnify defendant SVA Healthcare Services, LLC on claims in *Rave v. SVA Healthcare Services, LLC*, No. 18cv609, a class action filed in Milwaukee County Circuit Court. The plaintiffs in *Rave* contend that SVA violated Wis. Stat. § 146.83 by overcharging patients for copies of medical records.

  The court has directed the parties to address questions related to whether this case was properly filed in this court: (1) whether there is complete diversity of citizenship for the purpose of exercising jurisdiction under 28 U.S.C. § 1332; and (2) whether the court should abstain from granting declaratory relief because Navigators can seek a coverage determination in the state court action. The court also asked the parties to discuss the role of "necessary party" Timothy Rave in this case. Specifically, Navigators appears to be seeking a declaration

that binds not just Rave but also the class in state court action, but Navigators had neither sought certification of a class nor explained its legal basis for binding the class.

In its response to the court's order, Navigators admits that it doesn't know whether there is complete diversity between the parties. SVA is a limited liability company, which means that its citizenship is determined by the citizenship of its members. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). But Navigators doesn't know the identity of Navigators' members or the members' citizenship. Without that information, the court cannot exercise jurisdiction over this case.[1]

Navigators contends that dismissal is not required for two reasons. First, it says that it alleged in its complaint that SVA is "a citizen of Wisconsin," Dkt. 1, ¶ 4, and SVA admitted that allegation in its answer, Dkt. 18, ¶ 4. It cites *Medical Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010), for the proposition that "an unchallenged allegation of citizenship [is] sufficient to confer jurisdiction." Dkt. 26, at 3.

*Medical Assurance* is distinguishable, both factually and in its procedural posture. The parties at issue in *Medical Assurance* were individuals, not limited liability companies, so determining their citizenship was a more straightforward exercise. An allegation that a limited liability company is "a citizen of Wisconsin" is uninformative because the company can be a citizen of more than one state. Without information about the company's members, any allegation about citizenship is simply too conclusory to provide a basis for jurisdiction. And *Medical Assurance* was describing what was necessary for establishing jurisdiction at the pleading

---

[1] The court also asked Navigators to clarify its own citizenship and to explain whether Rave (a citizen of Wisconsin) should be aligned as a plaintiff or defendant. The court is satisfied that Navigators' supplemental materials show that Navigators is a citizen of New York and Rave should be aligned as a defendant.

stage, not at summary judgment as in this case. *Medical Assurance*, 610 F.3d at 376 (allegation of citizenship was enough "for now"). So Navigators wasn't entitled to rely on conclusory allegations to show that the court has jurisdiction. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

Second, Navigators asks the court for an opportunity to conduct jurisdictional discovery if the court determines that it doesn't have enough information to determine jurisdiction. But it is well established that the proponent of jurisdiction "bears the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Even when the opposing party doesn't object, "[s]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). So Navigators should have known that it needed to present evidence of diversity before moving for summary judgment.

The court need not decide whether to give Navigators an opportunity to conduct discovery because Navigators hasn't shown that this is an appropriate case for granting declaratory relief. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (court may decide any nonmerits issues without resolving jurisdictional question). Federal courts have "substantial discretion in deciding whether to declare the rights of litigants." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 379 (7th Cir. 2019). One common reason for declining to exercise that discretion is that "the questions in controversy between the parties to the federal suit . . . can better be settled in [a] proceeding pending in . . . state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). That is the situation in this case.

Although this case and the state court case aren't raising identical issues, they are closely related, so much so that Navigators sees the class representative as a necessary party to this case. As Navigators acknowledges, the "preferred process" for insurers to resolve coverage disputes to "request a bifurcated trial on the issue of coverage while moving to stay proceedings on the merits of the liability action until the issue of coverage is resolved." *Liebovich v. Minnesota Ins. Co.*, 2008 WI 75, ¶ 55, 310 Wis. 2d 751, 784, 751 N.W.2d 764, 779. This makes sense because a court determining coverage issues will already be familiar with the plaintiffs' claims, which is a key issue for coverage, *see Water Well Sols. Serv. Grp., Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶¶ 14–16, 369 Wis.2d 607, 881 N.W.2d 285, so it is generally more efficient to decide coverage in the same case. Navigators says that it is more efficient to seek a declaration in this court, but it doesn't provide any support for that view.

Another reason for determining the coverage issue in the state-court lawsuit is Navigators' decision to name not just Rave but also the class he represents as necessary parties. It makes sense to include the class members in the declaration to ensure that they do not later sue Navigators directly. *See Travelers Prop. Cas. v. Good,* 689 F.3d 714 (7th Cir. 2012). But Navigators hasn't moved for certification of a class, even though Federal Rule of Civil Procedure 23 applies to both plaintiff and defendant classes. *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-cv-465-wmc, 2013 WL 3989238, at *2 (W.D. Wis. Aug. 2, 2013).

In the previous order, the court asked Navigators to provide a legal basis for obtaining a judgment against a class without complying with Rule 23. In response, Navigators cites *state case law interpreting Wisconsin statutes*, but that isn't helpful. It is Rule 23—not state procedural law—that governs proceedings in federal court. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). So the most efficient way to include the

class in a declaratory judgment would be to seek the declaration in the case that is already proceeding as a class.

The bottom line is that Navigators hasn't identified any reason why it didn't move to intervene in the state court action rather than litigate separately in federal court. So the court will exercise its discretion and decline to entertain Navigators' request for a declaratory judgment. The dismissal will be without prejudice. If Navigators is unable to obtain relief in state court, it may seek to reopen the case, subject to showing that the court has subject matter jurisdiction.

ORDER

IT IS ORDERED that the court declines to consider plaintiff Navigators Specialty Insurance Company's request for a declaratory judgment because the questions Navigators is raising are better settled in a proceeding pending in state court. The case is DISMISSED without prejudice.

Entered March 13, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge